UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ANDIAMO M. WHITE                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 5:14-cv-00096-CRS

HOUSING AUTHORITY OF PADUCAH and
ROBERT "CAL" ROSS                                    DEFENDANTS

## MEMORANDUM OPINION

Defendants Housing Authority of Paducah and Robert "Cal" Ross (collectively, the "Defendants") move for summary judgment on all of Plaintiff Andiamo M. White's claims. The claims stem from alleged racial discrimination.

The Court will grant in part and deny in part Defendants' motion for summary judgment:

- The Court will grant Defendants' motion for summary judgment on White's Kentucky Whistleblower Act claim;

- The Court will grant Defendants' motion for summary judgment to the extent it seeks punitive damages for state law claims;

- The Court will deny Defendants' motion for summary judgment on White's claims for unlawful discrimination and retaliation under the Kentucky Civil Rights Act;

- The Court will deny Defendants' motion for summary judgment on White's claims for unlawful discrimination and retaliation under Title VII of the Civil Rights Act of 1964.

1

## **BACKGROUND**

This is an employment discrimination case. The Housing Authority of Paducah (the "Housing Authority") employed White, an African American, from October 7, 2002 until August 22, 2014. During the relevant portion of his employment, Ross was the executive director of the Housing Authority.

While the Housing Authority employed White, White alleges Ross often used racial slurs and referred offensively to African-Americans. In July 2011, White filed a complaint against Ross concerning his "inappropriate racial comments" with the Housing Authority's board of directors. Aug. 25, 2011 Housing Authority Letter to Ross, ECF No. 40-7. The board found that Ross' "conduct was inappropriate and unacceptable." *Id*. The board suspended Ross without pay for one day. *Id*.

Prior to Ross' suspension, the Housing Authority had a vacant deputy director position available. White expressed interest in the position. In September 2011, the Housing Authority promoted White to the position of interim deputy director. However, White shared this position with another employee and only acted as interim deputy director every other month. When he was not in this role, he worked in his previous role. Ultimately, instead of hiring a permanent deputy director, the Housing Authority eliminated the position.

In February 2012, White filed an ultimately unsuccessful discrimination claim against the Housing Authority and Ross with the Kentucky Commission on Human Rights. The legal expenses to defend the action were deducted from White's unit's operating budget. Subsequently, White's performance evaluations turned increasingly negative.

In April 2012, Ross reassigned White. Although the reassignment included a pay raise, White protested the move and maintained it was less desirable.

In May 2014, Ross petitioned the Housing Authority's board to terminate White due to alleged poor job performance and insubordination. *See* Defs.' Mem. Supp. Mot. S.J. 20 – 21, ECF No. 37-1. Instead, the board suspended White for five days without pay. After this suspension, Ross again petitioned the board to terminate White. The Housing Authority terminated White in August 2014.

## STANDARD

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The non-moving party must show that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

1. The Kentucky Whistleblower Act

White does not oppose the Defendants' motion for summary judgment on his Whistleblower Act claim. Pl.'s Resp. 1, ECF No. 40.

The Court will grant Defendants' motion for summary judgment on White's Whistleblower Act claim.

2. <u>The Kentucky Civil Rights Act</u>

a. *Unlawful Discrimination*

An unlawful discrimination claim brought under the Kentucky Civil Rights Act is analyzed in the same manner as a claim brought under its federal counterpart – Title VII of the Civil Rights Act of 1964. *See Ammerman v. Bd. of Educ., of Nicholas Cty.*, 30 S.W.3d 793, 798 (Ky. 2000); *see also*, *Scott v. G & J Pepsi-Cola Bottlers, Inc.*, 391 F. App'x 475, 477 (6th Cir. 2010). Under Title VII, racial discrimination which creates a hostile work environment is actionable. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 – 67 (1986); *Scott*, 391 F. App'x at 477. A plaintiff may bring a hostile work environment claim under the Kentucky Civil Rights Act, KRS § 344.040(1), which says that an employer cannot

> fail or refuse to hire, or [ ] discharge any individual, or otherwise [ ] discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race[.]

To establish a hostile work environment claim, White must show that: "(1) [he] was a member of a protected class; (2) [he] was subjected to unwelcome racial harassment; (3) the harassment was based on race; (4) the harassment unreasonably interfered with [his] work performance by creating an intimidating, hostile, or offensive work environment; and (5) the employer is liable." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir.2009) (citing *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir.1999)).

White argues that (1) he belongs to a protected class as an African-American; (2) Ross used racial slurs in a variety of settings to describe African-Americans; (3) the racial slurs

4

constitute harassment based on race; (4) his ability to perform his job was adversely impacted due to the harassment and that he was not promoted to the deputy director position; and (5) that both Defendants are liable as they were aware of complaints concerning Ross' use of racial slurs. *See* Pl.'s Resp. 18 – 19, ECF No. 40.

Defendants do not confront these arguments. Instead, Defendants focus solely on White's termination. They argue that White's claim for unlawful discrimination fails because White acknowledged that he was an at-will employee and had not been fired because of his race. *See* Defs.' Reply 5 – 6, ECF No. 40; *see also* White Depo. 145 – 146, ECF No. 40-1. These arguments ignore the basis of White's claim.

Defendants have not shown entitlement to judgment as a matter of law. The Court will deny their motion for summary judgment on White's unlawful discrimination claim.

b. *Retaliation*

A retaliation claim brought under the Kentucky Civil Rights Act is also analyzed in the same manner as a claim brought under Title VII. *Smith v. Leggett Wire Co.*, 220 F.3d 752, 758 (6th Cir. 2000). It is unlawful for a person

> To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing under this chapter.

KRS § 344.280(1). To successfully state a retaliation claim, White must first establish a prima facie case. This requires that he show that (1) he engaged in a protected activity; (2) an employer's act disadvantaged him (an "adverse employment action"); and (3) there was a causal connection between the protected activity and the employer's act. *See Banker v. Univ. of*

*Louisville Athletic Ass'n, Inc.*, 466 S.W.3d 456, 460 (Ky. 2015); *Ky. Dep't of Corr. v. McCullough*, 123 S.W.3d 130, 134 (Ky. 2003).

There is no dispute that White engaged in protected activity when he: (1) in July 2011, filed a complaint with the housing authority board concerning alleged discrimination; (2) in February 2012, filed a discrimination complaint against Defendant Ross with the Kentucky Commission of Human Rights; and (3) in August 2014, filed a complaint with the housing authority board against Ross "for making threats." White Depo. 115.

White argues that Defendants' actions constituted adverse employment actions that disadvantaged him. In particular, White argues that (1) his performance evaluations became more negative; (2) Defendants cut the budget of his unit; (3) Defendants transferred him to a less desirable position; (4) Defendants suspended his employment without pay; and, finally, (5) Defendants terminated his employment. *See* Pl.'s Resp. 23 – 24.

An adverse employment action has been defined as "a materially adverse change in the terms and conditions of [a plaintiff's] employment." *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010) (quoting *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 795 (6th Cir. 2004) (en banc)). A "bruised ego," for example, or a "mere inconvenience or an alteration of job responsibilities" does not rise to the level of an adverse employment action. *Id.* Rather, an adverse employment action typically requires a "significant change in employment status," which includes "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* (internal quotations and citations omitted). Reassignments, even without a salary cut, can constitute an adverse employment action when coupled with evidence that the new position included "a less

distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Kocsis v. Multi–Care Mgmt., Inc.*, 97 F.3d 876, 886 (6th Cir. 1996).

Defendants fail to address whether all of these actions constitute adverse employment actions or have a causal connection to a protected activity. Instead, Defendants focus on whether White's termination was causally connection to his July 2011 complaint and whether Defendants' failure to promote White to the deputy director position constituted an adverse employment action. These arguments ignore the bulk of White's claim. Defendants have not shown entitlement to judgment as a matter of law.

The Court will deny Defendants' motion for summary judgment on White's Kentucky Civil Rights Act Retaliation claim.

3. Title VII

As previously discussed, claims under the Kentucky Civil Rights Act for unlawful discrimination and retaliation track federal Title VII jurisprudence. If Defendants' motion for summary judgment fails on the state law claims, it also fails on the Title VII claims. However, Defendants argue that White did not state a claim under Title VII in his complaint. This argument relies on a far too technical reading of White's amended complaint and misconstrues the applicable pleading standards.

Defendants argue that White's amended complaint does not request compensatory or punitive damages under Title VII, although Defendants admit White does request attorney fees under that statute. *See* Defs.' Supp. Mem. 4, ECF No. 44. Allowing claims for damages under Title VII would now be "unduly prejudicial," according to Defendants. *Id.*

To state a claim for relief, a complaint must contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alteration omitted). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 (2007) (quoting *Twombly*, 550 U.S. at 555).

The first line of the first paragraph of White's complaint says "This is an action for racial discrimination pursuant to Title VII of the Civil Rights Act of 1964[.]" Compl. ¶ 1, incorp'd by Am. Compl. 1. The first line of the second paragraph says "The Plaintiff seeks both compensatory damages and punitive damages for the acts of racial harassment, racial discrimination[,] and racial retaliation perpetrated by the Housing Authority of Paducah, its agents[,] and employees." Compl. ¶ 2, incorp'd by Am. Compl. 1. In concluding the amended complaint, White omits to restate that he is seeking compensatory and punitive damages under Title VII, although he does say he will seek attorney fees under that statute. *See* Am. Compl. 2. Defendants now wish to rely on this omission to dismiss all of White's Title VII claims.

White's counsel did not restate his request for compensatory and punitive damages. Counsel, did, however, clearly state in the complaint's first two paragraphs notice of White's Title VII claim and the relief being sought. Defendants' argument that litigating these claims now would be unduly prejudicial is nonsense, especially since the state law claims track Title VII jurisprudence.

The failure to craft the *perfect* pleading is not by itself reason to dismiss a plaintiff's claims. The Court finds White sufficiently pleaded unlawful discrimination and retaliation claims under Title VII.

In moving this Court to find for Defendants on White's Title VII claims, Defendants rely – nearly verbatim – on the arguments presented in their previous filings moving for summary judgment on White's state law claims.

As the Court interprets claims under the Kentucky Civil Rights Act for unlawful discrimination and retaliatory discharge the same as under Title VII, the Court will deny Defendants' motion for summary judgment on White's Title VII claims.

4. Punitive Damages

Defendants argue that White's claims for punitive damages under his state law claims fail as a matter of law. White agrees and does not contest the motion for summary judgment on this matter.

The Court will grant Defendants' motion for summary judgment on the discrete issue of the availability of punitive damages under White's state law claims.

## CONCLUSION

The Court will grant in part and deny in part Defendants' motion for summary judgment. The Court will grant the motion to the extent it concerns White's claim under the Kentucky Whistleblower Act and punitive damages under White's state law claims. The Court will deny the motion in all other regards.

The Court will enter a separate order in accordance with this opinion.

**IT IS SO ORDERED.**

June 15, 2016



Charles R. Simpson III, Senior Judge
United States District Court

9